**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000536
01-MAY-2024
07:59 AM
Dkt. 105 SO**

NO. CAAP-22-0000536

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
WAISER WALTER, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC161001629)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Guidry, JJ.)

Waiser **Walter** was indicted on October 13, 2016, for attempted murder in the first degree, murder in the second degree, and attempted murder in the second degree. In a plea agreement, he pleaded guilty to murder in the second degree and attempted murder in the second degree. The circuit court granted the State's motion to nolle prosequi the attempted murder in the first degree charge. The State agreed not to seek extended or consecutive term sentencing. Walter was sentenced to life imprisonment with the possibility of parole, with a mandatory minimum term of 15 years for Count 2 (murder in the second degree). The "Judgment of Conviction and Sentence" was entered on August 10, 2022.[1] Walter appeals. We affirm.

---

[1] The Honorable Catherine H. Remigio presided.

Walter challenges the: **(1)** November 1, 2019 "Order Denying Motion to Withdraw and to Appoint Substitute Counsel Without Prejudice"; **(2)** December 21, 2020 "Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion for Disqualification of Judge"; and **(3)** January 26, 2022 "Order Denying Defendant's Motion to Withdraw Guilty Pleas."

**(1)** Walter was represented by the Office of the Public Defender (**OPD**). He was represented by **DPD 1** until May 10, 2019, when DPD 1 left OPD. He was then represented by **DPD 2**. On October 9, 2019, DPD 2 moved to withdraw. The circuit court denied the motion without prejudice. We review for abuse of discretion. State v. Kossman, 101 Hawaiʻi 112, 119, 63 P.3d 420, 427 (App. 2003).

DPD 2's motion stated only that Walter asked for it to be filed. **DPD 3** appeared at the hearing. DPD 3 explained that she spoke with Walter, and he said "[h]e cannot work with [DPD 2]. He wants to have another attorney appointed to him. So we would leave it at that." The court stated, "[s]imply not wanting to work with the attorney that's assigned to you . . . is insufficient. Mr. Walter does not have a right to an attorney that he likes. He has a right to an attorney that is capable and competent, and [DPD 2] is both." The court was not wrong.

> There is no absolute right, constitutional or otherwise, for an indigent to have the court order a change in court-appointed counsel. Certain restraints must be put on the reassignment of counsel lest the right be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. Hence, the trial court's decision will not be overturned on appeal unless there was an abuse of discretion ***that prejudiced the defendant by amounting to an unconstitutional denial of the right to effective assistance of counsel***.

Kossman, 101 Hawaiʻi at 119, 63 P.3d at 427 (emphasis added) (cleaned up). The State objected because it had been three years since the indictment, and substitution of counsel would have further delayed resolution of the case. No evidence of a conflict of interest or other circumstances that would warrant

withdrawal under the Hawai'i Rules of Professional Conduct was presented to the court.

Walter argues that the circuit court erred by not examining him as required by State v. Harter, 134 Hawai'i 308, 323-24, 340 P.3d 440, 455-56 (2014) (citing State v. Soares, 81 Hawai'i 332, 355, 916 P.2d 1233, 1256 (App. 1996), overruled on other grounds by State v. Janto, 92 Hawai'i 19, 986 P.2d 306 (1999)).  A Soares/Harter examination "is not an end unto itself" but "merely a means to an end . . . to protect the defendant's right to effective representation of counsel[.]"  Kossman, 101 Hawai'i at 119, 63 P.3d at 427.  Although Walter much later argued that DPD 2 was ineffective (discussed below), he told the court during his change of plea hearing he was satisfied with the help he'd received from DPD 2.  We also note that during the evidentiary hearing on Walter's motion to withdraw guilty plea, DPD 2 testified that Walter asked him to move to withdraw because "his family was looking to hire" private counsel.  Under these circumstances, we cannot say the circuit court abused its discretion by denying DPD 2's withdrawal.

**(2)**  Walter's motion to disqualify the trial judge was based on the judge's disclosed past relationship with DPD 1.  We review for abuse of discretion.  Arquette v. State, 128 Hawai'i 423, 447, 290 P.3d 493, 517 (2012).

Walter argued that the past relationship between the trial judge and DPD 1 created an appearance of impropriety.  Walter does not challenge the circuit court's findings of fact, which are binding.  State v. Rodrigues, 145 Hawai'i 487, 494, 454 P.3d 428, 435 (2019).  Those facts would not cause "an objective, disinterested observer . . . [to] entertain significant doubt that justice would be done absent recusal[.]"  Kondaur Cap. Corp. v. Matsuyoshi, 150 Hawai'i 1, 11-12, 496 P.3d 479, 489-90 (App. 2021).  Moreover, "a judge is duty-bound <u>not</u> to withdraw where the circumstances do not fairly give rise to an appearance of impropriety and do not reasonably cast suspicion on his or her impartiality."  Id. at 22, 496 P.3d at 500 (cleaned up).  The

circuit court did not abuse its discretion by denying Walter's motion to disqualify.

**(3)** Walter moved to withdraw his guilty plea before he was sentenced. Before sentencing, a plea may be withdrawn "for any fair and just reason." State v. Pedro, 149 Hawaiʻi 256, 272, 488 P.3d 1235, 1251 (2021). Walter had the burden to show plausible and legitimate grounds to withdraw his plea. Id. at 270, 488 P.3d at 1249. We review for abuse of discretion. State v. Guity, 144 Hawaiʻi 557, 560-61, 445 P.3d 138, 141-42 (2019).

**(a)** Walter argues he did not knowingly, intelligently, or voluntarily plead guilty because he received ineffective assistance of counsel. We must determine whether the assistance was "within the range of competence demanded of attorneys in criminal cases." Briones v. State, 74 Haw. 442, 462, 848 P.2d 966, 976 (1993) (citation omitted). Walter must "show specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence, and that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." Id. (cleaned up). The possible effect of a defense on the decision maker determines whether it is potentially meritorious. Id. at 464, 848 P.2d at 977.

Walter argues DPD 1 was ineffective because she stipulated to let the State's expert witnesses examine him. The circuit court made extensive findings on this issue, which Walter has not challenged. DPD 1's decision to stipulate to the State's motion to examine Walter was based on the lack of methamphetamine in the toxicology report, Walter's explanation that he was "guided by demons trying to save the world," and one doctor's opinion that Walter "was not penally responsible because he was not under the influence of anything that would make him intoxicated or psychotic (as supported by the toxicology report)

4

and 'you don't kill a five year old[2] if you're not psychotic.'" DPD 1 believed that lack of penal responsibility was Walter's only potential defense, and that the State's experts would support it. The State's experts' opinions that Walter was penally responsible were based on substance abuse that Walter never disclosed to DPD 1. The circuit court found the stipulation was a "strategic decision[.]" We decline to second-guess DPD 1's judgment on strategy under the circumstances of this case. State v. DeLeon, 131 Hawaiʻi 463, 479, 319 P.3d 382, 398 (2014).

Walter also argues DPD 1 was ineffective because she didn't hire an expert witness. Five doctors examined Walter for penal responsibility. One could not form an opinion. One first found him responsible, but changed his opinion because Walter had not tested positive for amphetamine. Three found him penally responsible based on the presence of a chemical in the toxicology report that was a metabolite of an intoxicant. DPD 1 consulted with a pharmacologist, who could not support an insanity defense. DPD 2 discussed the pharmacologist's opinion with Walter, who agreed not to retain a pharmacologist. Under these circumstances, DPD 1 was not ineffective.

Walter's plea agreement provided: "The State and [Walter] shall jointly recommend to the Hawaiʻi Paroling Authority that [Walter] shall serve thirty-five (35) years of imprisonment before he is eligible for parole." Walter argues DPD 2 was ineffective because he did not tell Walter that even if he was convicted and sentenced to life imprisonment without possibility of parole, "the court shall order the director of public safety and the Hawaii paroling authority to prepare an application for the governor to commute the sentence to life imprisonment with parole at the end of twenty years of imprisonment[.]" HRS § 706-656 (2014). The circuit court made extensive findings which Walter has not challenged. The court

---

[2]     The victim was Walter's nephew.

found that DPD 1 and DPD 2 informed Walter of the potential sentences he faced, including life with and without the possibility of parole and extended term and consecutive sentencing.  DPD 1 told Walter the average minimum term for life with parole was 30 years.  DPD 2 told Walter the average minimum term for life with parole was 35 years.

Walter's motion to withdraw guilty plea was filed after he hired private counsel.  The HRS § 706-656 issue was not raised in the motion.  Nor was it raised in Walter's supplemental memorandum.  It was raised in Walter's second supplemental memorandum, filed on December 20, 2020 — after DPD 1 and DPD 2 testified in the evidentiary hearing.  DPD 1 and DPD 2 were not asked whether they informed Walter that if he was sentenced to life in prison without the possibility of parole — the sentence for attempted murder in the first degree, or for murder in the second degree or attempted murder in the second degree if an extended term were imposed.  DPD 1 and DPD 2 were not asked whether they advised Walter that the governor could deny an application to commute his sentence, in which case he would be imprisoned for life without possibility of parole.  DPD 1 and DPD 2 were not asked whether they advised Walter that even if the governor granted the application, the paroling authority could still set his minimum term at 30 or 35 years, or more.  DPD 1 and DPD 2 were not asked whether they advised Walter if or how HRS § 706-656 would apply if he was sentenced to consecutive terms of life without possibility of parole.

The circuit court concluded that Walter "failed to meet his burden to demonstrate that his attorneys' performance, in light of all the known circumstances, [was] not objectively reasonable."  We review de novo.

> [T]he test for ineffective assistance is applied in the first instance by a reviewing court.  A court considering whether ineffective assistance occurred does not consider the rulings or actions of the trial court but rather the conduct of <u>counsel</u>.

6

<u>Grindling v. State</u>, 144 Hawai‘i 444, 453, 445 P.3d 25, 34 (2019). There is insufficient evidence for us to decide this issue.  We decline to conclude that counsel was ineffective, without prejudice to Walter seeking relief under Hawai‘i Rules of Penal Procedure (**HRPP**) Rule 40.

**(b)**  Walter also argues he should have been allowed to withdraw his guilty plea under <u>Pedro</u>, 149 Hawai‘i 256, 488 P.3d 1235.  In <u>Pedro</u> the supreme court introduced a non-exclusive five-factor test for trial courts to evaluate whether a fair and just reason supports a pre-sentence request for plea withdrawal. The factors are: (1) whether the defendant has asserted and maintained innocence; (2) the timing of the request for the plea withdrawal and the reasons for any delay; (3) the circumstances underlying the plea; (4) the defendant's nature and background; and (5) the potential prejudice to the prosecution caused by reliance on the plea.  <u>Id.</u> at 274-75 & nn.19 & 20, 488 P.3d at 1253-54 & nn.19 & 20.

Walter never denied committing the acts alleged in the indictment.  According to DPD 1, Walter said "God had been -- and a demon had been telling him that if he didn't kill his nephew in a -- in a certain time period, then the entire world would come to an end."  After his insanity defense could not be supported by experts, he changed his plea.  When asked, during the change-of-plea hearing, why he believed he was guilty, Walter replied, "Because I know that I did it."  The first factor weighs against Walter.

Walter hired private counsel three days after he pleaded guilty.  His sentencing was continued multiple times.  On June 17, 2020, Walter moved to continue sentencing to hire a mental health expert.  At that hearing the court cautioned Walter's counsel, "Be very careful when you tell me that there is case law on point for this issue because I will expect that to be provided to the court and I expect it to be on point."  The court gave Walter 48 hours to brief whether "a sentencing court has the authority to further continue sentencing to allow the defense to

obtain an expert to examine defendant on his cognitive ability to understand and proceed through an otherwise voluntarily, knowingly, and intelligent guilty plea[.]"  The motion to withdraw guilty plea was filed the next day, without an expert declaration or report.  The second factor weighs against Walter.

Walter did not change his plea on the spur of the moment, as did the defendant in Pedro.  He discussed his case extensively with DPD 1 and DPD 2.  DPD 2 sent a plea letter to the State.  The State rejected the offer and made a counteroffer. Walter instructed DPD 2 to move to reinstate and reduce bail before he would consider the counteroffer.  The motion was filed and denied.  DPD 2 explained the State's counteroffer and Walter's options to him on many occasions, and did not pressure him for a decision.  Walter ultimately accepted the State's counteroffer.  The third factor weighs against Walter.

In Pedro the supreme court stated that "[a] youthful defendant, or a defendant with limited mental faculties, education, or English-language proficiency may be poorly equipped to thoughtfully consider a plea's implications."  149 Hawai'i at 280, 488 P.3d at 1259 (citation omitted).  Walter was 29 years old when he changed his plea.  He was born in Chuuk, moved to Hawai'i in 2002, and went to middle and high school on O'ahu until the 11th grade.  All of his classes were in English, he had no problems reading and writing English, did not need an interpreter, and spoke to his attorneys in English without an interpreter.  He testified he understood everything that took place during his change of plea hearing and did not need an interpreter to understand the change of plea form.  The fourth factor weighs against Walter.

The State argues it would be prejudiced by withdrawal of Walter's guilty plea because eight police officers had retired and the medical examiner's investigator moved.  But "[t]he mere fact that the passage of time might make it even more difficult for the prosecution to locate a prosecution witness" does not mean that a plea withdrawal would prejudice the State.  Pedro,

8

149 Hawaiʻi at 281, 488 P.3d at 1260 (cleaned up). Only the fifth factor favors Walter. Walter argues no other factors. Under these circumstances we cannot say that the circuit court abused its discretion by denying Walter's motion to withdraw his guilty plea.

For the reasons discussed above, we affirm the "Judgment of Conviction and Sentence" entered on August 10, 2022, without prejudice to Walter seeking relief under HRPP Rule 40 based on his claim of ineffective assistance of counsel.

DATED: Honolulu, Hawaiʻi, May 1, 2024.

On the briefs:

Dwight C.H. Lum,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge